UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV1663-MU

| | |
|---|---|
| MARCO BAUTISTA-LOPEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MR. THEODIS BECK, )<br>**Secretary of the Department of** )<br>**Correction,** )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon Petitioner Marco Bautista-Lopez's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1). Also before the Court is the State's Motion for Summary Judgment (Document No. 6); Petitioner's response to the State's Motion for Summary Judgment (Document No. 9); and Petitioner's Motion to Amend (Document No. 10.) For the reasons stated herein, Respondent's Motion for Summary Judgment will be granted; Petitioner's Petitioner for Writ of Habeas Corpus will be denied and dismissed and Petitioner's Motion to Amend will be granted.

## I. Factual and Procedural Background

A review of the record reveals that on June 14, 2005 Petitioner pled guilty to three counts of trafficking cocaine, four counts of possession with intent to sell or deliver cocaine and maintaining a dwelling place to keep controlled substances, in cases 04CRS51783, 51785, 51789, 51791 and

1

05CRS412-13, 496.[1] These charges were consolidated into two judgments and Petitioner was sentenced to two consecutive terms of 35-42 months imprisonment. Petitioner did not file an appeal. Instead, Petitioner dated a pro se motion for appropriate relief (MAR) August 29, 2005 and filed it int the Superior Court of Translyvania County on October 19, 2005. Judge Zoro Guice summarily denied Petitioner's claims and dismissed his MAR on December 16, 2005. Petitioner then dated a pro se request for reconsideration January 16, 2006 and filed it along with a second MAR, in the Superior Court of Transylvania County. Judge Guice summarily denied Petitioner's claims and dismissed the motion for reconsideration and the second MAR on February 1, 2006. Petitioner dated a pro se certiorari petition February 28, 2006 and filed it in the North Carolina Court of Appeals on March 10, 2006. Certiorari was denied on March 31, 2006. Petitioner then filed a pro se certiorari petition in the United States District Court for the Middle District of North Carolina, which was construed as a petition for writ of habeas corpus and dismissed on April 19, 2006 because it was filed in the wrong district. Petitioner then re-filed his certiorari petition in this Court on May 15, 2006. This Court also construed Petitioner's filing as a petition for writ of habeas corpus and directed the State to file a response. In his petition, Petitioner claims that: (1) he was subjected to double jeopardy; (2) he received ineffective assistance of counsel (3) he was subjected to vindictive and selective prosecution; and (4) he was denied access to the court.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to <u>habeas</u> cases is "quite

---

[1] Two of Petitioner's trafficking indictment, i.e., in cases 05CRS 412 and 413, originated out of Henderson County and still bear the original Henderson County file numbers 04 CRS 3910 and 03 CRS 57069. When the indictments were transferred to Transylvania County, they were assigned new Transylvania County case file numbers 05 CRS 412 and 413.

deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Motion to Amend

Petitioner initially filed the instant Petition naming the State of North Carolina as Respondent.

3

Petitioner then filed a Motion to Amend his petition to remove the State of North Carolina as a named party and to substitute Mr. Theodis Beck, Secretary of the Department of Correction, as Respondent to this action.

In order for this Court to obtain personal jurisdiction over a respondent, the petitioner must name the state officer having custody over him. See 28 U.S.C. § 2242 and Habeas Rule 2(a). Petitioner's custodian under state law is the Secretary of the Department of Correction, Mr. Theodis Beck, since he has authority to hold Petitioner in custody and authorize transfer. See N.C.G.S. § 148-4 (2003)("The Secretary of Correction shall have control and custody of all prisoners serving sentence in the State prison system, and such prisoners shall be subject to all the rules and regulations legally adopted for the government thereof."). See also Habeas Rule 2(a) (Official Commentary allows habeas petitioner to name head of state's penal institutions as custodian.) Therefore, this Court grants Petitioner's Motion to Amend substituting Mr. Theodis Beck as respondent in place of the State of North Carolina. The caption will reflect such amendment.

## IV. Analysis

### A. Petitioner's Double Jeopardy Claim

In support of his double jeopardy claim, Petitioner asserts that he was subjected to double jeopardy because he was twice charged and sentenced for the same crime of trafficking cocaine in cases 05 CRS 412 and 413, as a result of the same four and one-half ounces of cocaine found in the vehicle he was in on November 6, 2003.

First, the Court notes that any non-jurisdictional error in the indictment was waived by Petitioner's knowing, voluntary and counseled guilty plea. See Tollett v. Henderson, 411 U.S. 258 (knowing, voluntary, counseled guilty plea waives allegations of antecedent, non-jurisdictional

violations of constitutional rights) and United States v. Broce, 488 U.S. 563 (1998) (guilty plea found to waive a double jeopardy not appearing from record.) Therefore, Petitioner's perceived claim of double jeopardy because he was charged and convicted of trafficking by possession and trafficking by transportation has been waived due to his knowing and voluntary guilty plea. However, in an abundance of caution and in light of Petitioner's claim on ineffective assistance of counsel related to this claim,[2] this Court will consider the merits of Petitioner's claim.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Constitution, Amendment V. This protection applies to both successive prosecutions and successive punishments for the same criminal offense. North Carolina v. Pearce, 395 U.S. 711 (1969). Here, Petitioner appears to be arguing that he was subject to double jeopardy because he was twice charged and sentenced for the same crime of trafficking cocaine in cases 05 CRS 412 and 413, as a result of the same four and one-half ounces of cocaine found in the vehicle he was in on November 6, 2003.

However, a review of the indictments in cases 05 CRS 412 and 413 show that Petitioner was charged with two different trafficking offenses committed on November 6, 2003, with different essential elements, i.e. trafficking by possession and trafficking by transportation. The Fourth Circuit has recognized that under North Carolina law the offenses of trafficking cocaine by possession and trafficking cocaine by transportation of the same cocaine at the same time are different crimes with different essential elements, i.e., possession and transportation, and do not violate th Double Jeopardy Clause. See N.C.G.S. § 90-95(h)(3) (2005) and Kuiken v. Lee, 52 F.3d 321 (4th Cir. 1995)

---

[2] The Court notes that while Petitioner does claim that his counsel was ineffective, he does not attack the validity of his plea.

(convictions for the separate offenses of transporting and possessing a controlled substance are consistent with the intent of the legislature and do not violate the constitutional prohibition against double jeopardy) (unpublished). See also, State v. McCoy, 105 N.C. App. 686, 691 (1992) (same) and State v. Perry, 316 N.C. 87 (1986). Thus, Petitioner's double jeopardy claim is without merit. See Blockburger v. United States, 284 U.S. 299 (1932) (where each offense contains an elements not required by the other, no double jeopardy exists) and United States v. Dixon, 509 U.S. 688 (1993) (re-affirming Blockburger same elements test and rejecting prior holding that double jeopardy bars prosecution for a crime based on the same conduct for which the defendant has already been convicted). Thus, Petitioner was not subjected to double jeopardy and his double jeopardy claim is without merit.

Furthermore, Petitioner raised the substance of his current double jeopardy claim in his second MAR. Judge Guice denied and dismissed Petitioner's second MAR finding "no valid claim for any relief." This summary denial on the merits is correct and it did not result in a decision contrary to, or involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States in Blockburger v. United States, 284 U.S. 299 (1932) and United States v. Dixon, 509 U.S. 688 (1993). Nor is it based on an unreasonable determination of facts, in light of the evidence in the state court proceeding. Therefore, Petitioner's double jeopardy claim is also denied pursuant to the deferential standards of review contained in 28 U.S.C. § 2254(d) and (e). See Yarborough v. Alvorada, 541 U.S. 652 (2004) ("The more general the rule the more leeway courts have in reaching [reasonable] outcomes in a case by case determination."); Williams v. Taylor, 529 U.S. 362 (2000). There is no requirement that the state court specifically cite United States Supreme Court precedent in its order, so long as its ultimate adjudication is not contrary to, nor

involves as unreasonable application of clearly established federal law. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.)("[T]he phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion.", cert. denied, 119 S.Ct (1999). Petitioner's double jeopardy claim is without merit and is also denied pursuant to § 2254(d) and (e).

## B. Ineffective Assistance of Counsel

Next, Petitioner contends that his counsel was ineffective because he did not notice and correct the fact that his client was being subjected to double jeopardy due to the two trafficking charges for possessing the same cocaine. This is essentially the same double jeopardy claim discussed above, but phrased in terms of ineffective assistance of counsel.

The Court has already determined that Petitioner was not subjected to double jeopardy. Therefore, counsel could not have committed a professional dereliction by failing to raise a meritless double jeopardy claim. Petitioner has failed to establish either prong of the Strickland test, therefore, his ineffective assistance of counsel claim is denied.

Furthermore, Petitioner raised the substance of his current ineffective assistance of counsel claim in his second MAR. Judge Guice denied Petitioner's MAR finding "no claim for any relief." This summary denial on the merits is correct and it did not result in a decision contrary to, or involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668 (1984) and Hill v. Lockhart, 474 U.S. 52 (1985). Nor is it based on an unreasonable determination of facts, in light of the evidence in the state court proceeding. Therefore, Petitioner's ineffective assistance of counsel claim is also denied pursuant to the deferential standards of review contained in 28 U.S.C. § 2254(d) and (e).

7

## C. Vindictive Prosecution

Petitioner contends that he was subjected to vindictive and selective prosecution because the prosecutor prosecuted him for two separate trafficking offenses in cases 05 CRS 412 and 413 as a result of the same four and one-half ounces of cocaine found in the vehicle he was in on November 6, 2003. This is essentially the same double jeopardy claim discussed above, but phrased as a vindictive prosecution claim.

Petitioner's claim is conclusory and unsupported in the record. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim, a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."); see also Young v. Herring, 938 F.2d 543, 559 (5th Cir. 1991) ("Because Young fails to show that his allegations of a grand conspiracy to convict unjustly are other than frivolous or incredible, we conclude that he has not established his right to a federal evidentiary hearing."); Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3rd Cir. 1991) ("Bald assertions and conclusory allegations do not provide sufficient grounds to warrant . . . an evidentiary hearing."). Petitioner has not presented any evidence in support of this claim. Nor can Petitioner attempt to present any evidence unless it was first presented to the state courts. See Wilson v. Moore, 178 F.3d 266, 272-73 (4th Cir.) (Providing that affidavit not presented to state court cannot be considered on federal habeas review), cert. denied, 528 U.S. 880 (1999); Bell v. Jarvis, 236 F.3d 149, 171 n. 13 (4th Cir. 2000) (same), cert. denied, 534 U.S. 830 (2001).

Petitioner's claim that the prosecutor engaged in prosecutorial vindictiveness when he charged Petitioner with two separate trafficking offenses in cases 05 CRS 412 and 413 as a result of the same

8

four and one-half ounces of cocaine found in the vehicle he was in on November 6, 2003 is conclusory and unsupported by the record. Indeed, it is not unusual or out of the ordinary for a criminal defendant in North Carolina to be charged with trafficking cocaine by possession and trafficking cocaine by transportation of the same cocaine at the same time. See Kuiken v. Lee, 52 F.3d 321 (4th Cir. 1995) (convictions for the separate offenses of transporting and possessing a controlled substance are consistent with the intent of the legislature and do not violate the constitutional prohibition against double jeopardy) (unpublished). Petitioner has done no more than assert a conclusory allegation that has no support in the record. Therefore, Petitioner's claim of prosecutorial vindictiveness is denied.

**D. Access to the Courts**

As his last claim for relief, Petitioner contends that although his two MAR's were adjudicated, he was denied access to the courts because he was twice told that his first MAR had not been received or filed even though his family hand delivered it to the clerks' office. This assertion does not warrant federal habeas relief.

First, it is obvious that Petitioner was not denied access to the court in that both of his MARs were ultimately adjudicated and denied. Petitioner filed his first MAR on October 19, 2005 and it was adjudicated and denied on December 16, 2005. He filed his second MAR on January 16, 2006 and it was adjudicated and denied on February 1, 2006. Petitioner filed his certiorari petition on March 10, 2006 and it was denied on March 31, 2006. Petitioner has availed himself of the judicial system and his cases have been adjudicated in a timely manner. To the extent Petitioner is asserting that the State post-conviction MAR court erred by informing him that his first MAR had not been filed, such a claim is not entitled to federal habeas relief. Indeed, alleged errors or deficiencies in

state post-conviction proceedings are not cognizable on federal habeas review. Bryant v. Maryland, 848 G.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis of federal habeas corpus relief."); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (claim of error in state post-conviction proceeding cannot support federal habeas relief). Therefore, Petitioner's claim that he was denied access to the courts is without merit and not entitled to federal habeas relief.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is Denied and Dismissed. The State's Motion for Summary Judgment (Document No. 6) is Granted and Petitioner's Motion to Amend (Document No. 10), substituting Mr. Theodis Beck as respondent in place of the State of North Carolina, is Granted. The caption should reflect such amendment.

**SO ORDERED.**

Signed: February 13, 2008

Graham C. Mullen
United States District Judge